NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRIS KROL,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE E. KIEL & US DISTRICT COURT OF NJ, CAMDEN,<br><br>Defendants. | Civil Action No. 25-14625 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed *in forma pauperis*, ("IFP," ECF No. 10), filed by *pro se* Plaintiff Chris Krol ("Plaintiff"), along with a Complaint, ("Compl.," ECF No. 1). Plaintiff additionally filed a Motion to Reopen the Case, (ECF No. 11), and a Motion for Default Judgment, (ECF No. 12). For the reasons set forth below, Plaintiff's Motion to Reopen the Case is **GRANTED**, but the Court **DENIES** Plaintiff's application to proceed *in forma pauperis*, **DENIES** his Motion for Default Judgment, and **DISMISSES** the Complaint.

I.    **BACKGROUND**

Plaintiff brings this action against the United States District Court for the District of New Jersey[1] (the "District Court") and the Honorable Edward S. Kiel, U.S.D.J. (collectively, "Defendants"), who has presided over five prior cases filed by Plaintiff. *See Krol v. Shusted*, No. 25-12063, ECF No. 6 (D.N.J.) (matter dismissed as frivolous); *Krol v. Camden Superior Ct.*, No.

---

[1] The District Court was improperly pleaded as "US District Court of New Jersey, Camden." (Compl. at 1.)

25-12235, 2025 WL 1884823, at *2 (D.N.J. July 8, 2025) (matter dismissed as frivolous); *Krol v. Macaulay*, No. 25-13211, ECF No. 4 (D.N.J.) (matter dismissed as frivolous); *Krol v. Rutgers PR Libr.*, No. 25-14041, 2025 WL 2228287, at *2 (D.N.J. Aug. 5, 2025) (matter dismissed as frivolous); *Krol v. Burlington Cnty. Superior Ct.*, No. 25-14206, ECF No. 5 (D.N.J.) (complaint withdrawn for failure to pay filing fee or submit IFP application). Though the allegations in the Complaint are sparse, it appears that Plaintiff takes issue with Judge Kiel's handling of these prior cases and his imposition of a conditional filing injunction against Plaintiff. (Compl. at 4); *see Krol v. Rutgers PR Libr.*, 2025 WL 2228287, *2 ("Plaintiff is **ENJOINED** from filing any further civil actions without permission of the Court. The Clerk of the Court is directed not to accept any filings, whether submitted in this action, a prior action, or new action, from plaintiff."). Plaintiff alleges that the filing injunction, in particular, was "an abuse of power" by Judge Kiel. (Compl. at 4.)

Plaintiff asserts claims under 18 U.S.C. § 242, 28 U.S.C. § 1927,[2] and the Fourteenth Amendment. (*Id.* at 3.) As for requested relief, he asks the Court to "prosecute the civil cases [he has] submitted, forward to DOJ the criminal cases [he has] submitted, and pay damages of [$100,000,000] for delay and harm to the society." (*Id.* at 4.)

On September 9, 2025, the Court issued an order withdrawing Plaintiff's Complaint due to Plaintiff's failure to file an IFP application or pay the filing fee. (ECF No. 8 at 1.) The Court explained that if Plaintiff paid the filing fee or filed an IFP application, he could move to reopen the case. (*Id.*) On September 15, 2025, Plaintiff filed an IFP application and Motion to Reopen the

---

[2] In addition to the problems with Plaintiff's claims discussed below, neither of these statutes provide Plaintiff with a cause of action. Section 242 is a criminal statute that does not create a civil cause of action, 18 U.S.C. § 242; *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009), and Section 1927 simply allows a court to hold counsel liable for excessive costs, 28 U.S.C. § 1927.

Case.[3] (IFP; ECF No. 11.) On that same day, Plaintiff also filed a Motion for Default Judgment against both Defendants. (ECF No. 12.)[4]

## II.  LEGAL STANDARD

### A. LOCAL CIVIL RULE 40.1(g)

Under Local Civil Rule 40.1(g), "[a] civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station." Local Civ. R. 40.1(g). The Rule provides that "if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse." *Id.* However, "in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey." *Id.*

### B. IN FORMA PAUPERIS APPLICATION

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees.

---

[3] Because Plaintiff submitted the requisite IFP application, Plaintiff's Motion to Reopen the Case is **GRANTED**.

[4] Plaintiff filed his Motion for Default Judgment because the District Court and Judge Kiel did not respond to his Complaint. (ECF No. 12 at 2.) "Before a court may enter default judgment, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days." *Great Am. Ins. Co. v. Fast Time Constr., LLC*, No. 20-13467, 2021 WL 4306829, at *1 (D.N.J. Sept. 21, 2021) (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a)). "Since a summons can only be obtained if the plaintiff has filed a complaint, and the plaintiff must serve the summons and complaint as prescribed by [Federal Rule of Civil Procedure 4], effective service presupposes a properly filed complaint, and the plaintiff's service is not valid where a complaint served has not been filed first." *Serfess v. Equifax Credit Info. Servs., LLC*, No. 13-406, 2015 WL 501972, at *3 (D.N.J. Feb. 5, 2015) (internal quotation marks omitted). Additionally, "[w]hen a complaint is submitted along with an IFP application, the complaint is not deemed filed unless and until IFP status is granted." *Spuck v. Frederic*, 415 F. App'x 358, 359 (3d Cir. 2011) (per curiam). So, to put this all together, a default judgment presumes service, service presumes the filing of the Complaint, and—in the context of IFP applications—the filing of the Complaint presumes that IFP status has been granted. Here, IFP status has not been granted, the Complaint has not been filed, and Defendants have not been served. Accordingly, default judgment is not warranted, and Plaintiff's Motion is **DENIED**.

The statute "is designed to ensure that indigent litigants have *meaningful* access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *1–2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III. DISCUSSION

#### A. REVIEW OF *IN FORMA PAUPERIS* APPLICATION

In order to proceed *in forma pauperis,* section 1915(a) requires plaintiffs to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)(1)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-

4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)).

Plaintiff entered "$0.00" in response to nearly every question on the *in forma pauperis* application. (*See generally* IFP.) He indicated that he has zero income and zero monthly expenses. (*See id.* at 2, 5.) However, Plaintiff did not explain how he subsists without any expenses whatsoever. In fact, when asked to "[p]rovide any other information that will help explain why you cannot pay the costs of these proceedings," Plaintiff simply responded with the number zero. (*Id.* at 5.) Moreover, Plaintiff also filled in zero as to the make and model of his vehicle and the city and state of his legal residence. (*Id.* at 3, 5). Therefore, "Plaintiff's *in forma pauperis* application does not include sufficient information for the Court to properly evaluate it or to confirm whether Plaintiff is able to pay the court fees." *Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510, at *1 (D.N.J. June 21, 2023). Accordingly, the Court **DENIES** Plaintiff's *in forma pauperis* application.

### B. Review of Complaint

Although a court is not required to conduct a screening of a complaint after denying an *in forma pauperis* application, the Third Circuit has endorsed a "flexible approach" that allows a court to dismiss a case "'at any time' regardless of the status of a filing fee." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc) (quoting 28 U.S.C. § 1915(e)(2)). The Court proceeds to screen Plaintiff's Complaint here in an effort to "conserve judicial resources" later. *See id.*

The Court may dismiss any claims that are "(i) . . . frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*,

5

506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

To start, Plaintiff's claim for monetary relief against Judge Kiel is foreclosed by the doctrine of judicial immunity. Under this doctrine, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). The doctrine applies even where a judge's actions were taken "in error," "done maliciously," or were "in excess of his authority." *Id.* at 303. "The immunity is only lost where the judge's actions that gave rise to suit were: (1) nonjudicial in nature; or (2) were 'taken in the complete absence of all jurisdiction.'" *Andrews v. Hens-Greco*, 641 F. App'x 176, 179 (3d Cir. 2016) (quoting *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)).

Here, Plaintiff seems to challenge both Judge Kiel's orders dismissing his cases and his order entering the filing injunction against Plaintiff. (Compl. at 4.) Plaintiff does not argue that these orders were nonjudicial or made in complete absence of all jurisdiction, and any such argument would fail. "[D]ismissing . . . claims and . . . imposing a filing injunction" are "paradigmatic judicial function[s]." *Kaetz v. United States*, 23-2322, 2024 WL 4403872, at *2 (3d Cir. Oct. 4, 2024) (per curiam). Moreover, Judge Kiel clearly had jurisdiction to both dismiss Plaintiff's cases and impose the conditional filing injunction against him. *See id.* Therefore, absolute judicial immunity bars Plaintiff's claim for monetary relief against Judge Kiel.[5]

---

[5] This same judicial immunity analysis also applies to Plaintiff's claims against the District Court itself. *See Dodson v. U.S. Dist. Ct., Dist. of N.J.*, No. 23-22433, 2023 WL 8232895, at *2 n.2 (D.N.J. Nov. 28, 2023), *appeal dismissed sub nom.*, *Dodson v. U.S. Dist. Ct. for Dist. of N.J.*, No. 23-3172, 2024 WL 2880623 (3d Cir. Feb. 28, 2024). Even if judicial immunity did not apply to the District Court, the Court would still dismiss because "Plaintiff has failed to plead any plausible connection between this District Court and plaintiff's claims." *Id.*

Turning to Plaintiff's requests for injunctive relief, Plaintiff asks the Court to "prosecute the civil cases [he has] submitted" and "forward to DOJ the criminal cases [he has] submitted." (Compl. at 4.) In other words, Plaintiff essentially asks the Court to reverse Judge Kiel's orders dismissing his previous cases as frivolous. As an initial matter, this requested relief is very likely also foreclosed by judicial immunity. *See Martinez v. United States*, 838 F. App'x 662, 664 (3d Cir. 2020) ("We have suggested that federal judges may be immune to claims for injunctive relief . . . ." (citing *Azubuko*, 443 F.3d at 303–04)). Regardless, injunctive relief is inappropriate here because "the prior judicial decisions that [Plaintiff] complains about . . . could have been the subject of appellate review." *Id.* In fact, Plaintiff has already filed a notice of appeal in one of his cases. *See Krol v. Rutgers PR Libr.*, No. 25-14041, ECF No. 14. Moreover, on a fundamental level, an injunction functionally overturning Judge Kiel's previous decisions is inappropriate because "[t]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts." *Davis v. Schmehl*, No. 24-3202, 2024 WL 4026728 (E.D. Pa. Sept. 3, 2024), at *3 (quoting *Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012)). Therefore, Plaintiff's request for injunctive relief is denied.[6]

"[P]laintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). Here, judicial immunity forecloses Plaintiff's claims for monetary relief and injunctive relief is clearly inappropriate. Accordingly, any amendment would be futile, and the Court dismisses Plaintiff's Complaint with prejudice and without leave to amend. *See, e.g., Thomas v. Bumb*, No. 24-1046, 2024 WL 816068, at *3 (D.N.J. Feb. 27, 2024) (dismissing claims

---

[6] For these reasons, even if judicial immunity does not apply to the claims for injunctive relief, the Court has little trouble concluding that the claims for injunctive relief are frivolous within the meaning of Local Civil Rule 40.1(g). *Cf. Roman*, 904 F.2d at 195 (explaining that a claim is frivolous if it is "based on an indisputably meritless legal theory" (citing *Neitzke*, 490 U.S. at 327)).

against federal judges with prejudice); *cf. Martinez*, 838 F. App'x at 664 (holding that the District Court did not abuse its discretion in dismissing claims for monetary and injunctive relief against federal judges without leave to amend).

**THEREFORE**, it is on this 22nd day of October, 2025, **ORDERED** that:

I. Plaintiff's Motion to Reopen the Case, (ECF No. 11), is **GRANTED**;

II. Plaintiff's Motion for Default Judgment, (ECF No. 12), is **DENIED**;

III. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 10), is **DENIED**;

IV. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e);

V. The Clerk's Office is directed to **TERMINATE** the motions pending at ECF Nos. 11 and 12, as well as **CLOSE** this case; and

VI. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to his address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**